**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

KEENAN WRIGHT,

Plaintiff,

vs.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

Defendants.
_________________________________/

Case No: 26-cv-11853

Hon. Shalina D. Kumar

Keenan Wright
1923 Dexter Avenue
Ann Arbor, MI 48103
(719) 338-0285
keenanwrightcc@gmail.com
*Plaintiff Pro Se*

Thomas L. Kent (P55863)
THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRESIDENT & GENERAL COUNSEL
1109 Geddes Avenue
Ruthven Building, Suite 2300
Ann Arbor, MI 48109-1079
(734) 764-0304
tomkent@umich.edu
*Attorneys for Defendant*
_________________________________/

**DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendant Board of Regents of the University of Michigan (the "University" or "Defendant"), by and through its attorneys, respectfully submits this Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 21) for the reason stated in the accompanying brief.

Respectfully submitted,

THE UNIVERSITY OF MICHIGAN
Office of the VP & General Counsel

By: */s/ Thomas L. Kent*
Thomas L. Kent (P55863)
1109 Geddes Avenue
Ruthven Building, Suite 2300
Ann Arbor, MI 48109-1079
tomkent@umich.edu
*Attorneys for Defendant*

Date: October 9, 2026

**CERTIFICATE OF SERVICE**

State of Michigan )
) ss
County of Washtenaw )

I hereby certify that on October 9, 2026, I electronically filed *Defendant's Board of Regents of the University of Michigan's Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint* with the Clerk of the Court using the ECF filing system.

*/s/ Jennifer L. Traver*
Jennifer L. Traver

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

KEENAN WRIGHT,

Plaintiff,

vs.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

Defendants.

_______________________________/

Case No: 26-cv-11853

Hon. Shalina D. Kumar

Keenan Wright
1923 Dexter Avenue
Ann Arbor, MI 48103
(719) 338-0285
keenanwrightcc@gmail.com
*Plaintiff Pro Se*

Thomas L. Kent (P55863)
THE UNIVERSITY OF MICHIGAN
OFFICE OF THE VICE PRESIDENT &
GENERAL COUNSEL
1109 Geddes Avenue
Ruthven Building, Suite 2300
Ann Arbor, MI 48109-1079
(734) 764-0304
tomkent@umich.edu
*Attorneys for Defendant*

_______________________________/

**DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendant Board of Regents of the University of Michigan (the "University" or "Defendant"), by and through its attorneys, respectfully submits this Brief in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 21).

# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUES PRESENTED ........................................ iii

INDEX OF AUTHORITIES........................................................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. vi

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................1

LAW AND ARGUMENT ...............................................................................2

I. LEGAL STANDARD UNDER FED. R. CIV. P. 15(a)(2)...........................2

II. PLAINTIFF HAS ALREADY AMENDED ONCE AS OF RIGHT, AND THE PROPOSED SECOND AMENDED COMPLAINT FAILS TO CURE THE DEFECTS IDENTIFIED IN DEFENDANT'S MOTION TO DISMISS ....................................................................................3

A. Amendment of Counts I–IV (ADA Claims) Is Futile Because They Are Barred by Eleventh Amendment Sovereign Immunity ..................4

B. Amendment of Title VII and ADA Claims is Futile Because Claims Accruing Prior to February 4, 2025 Are Time-Barred..........................5

C. Amendment of Counts VIII and IX (Title VII Race and Color Claims) Is Futile Because The Claims Are Unexhausted..................................6

D. Amendment of Counts V–VII (Section 504 Rehabilitation Act Claims) Is Futile Because the SAC Fails to Plead "Solely by Reason of" Causation Standard...............................................................7

RELIEF REQUESTED..................................................................................9

CERTIFICATE OF SERVICE .......................................................................10

**CONCISE STATEMENT OF ISSUES PRESENTED**

1. Whether Plaintiff's Motion for Leave to File a Second Amended Complaint should be denied under Fed. R. Civ. P. 15(a)(2) where Plaintiff has already amended his Complaint once as of right, and his proposed Second Amended Complaint fails to cure the threshold jurisdictional, statutory, and pleading defects identified in Defendant's pending Renewed Motion to Dismiss (ECF No. 15), rendering the proposed amendment futile.

2. Whether amendment of proposed Counts I–IV (ADA claims) is futile because they are asserted solely against an arm of the State and are strictly barred by Eleventh Amendment sovereign immunity.

3. Whether amendment of proposed Counts VIII and IX (Title VII race and color claims) is futile because Plaintiff failed to exhaust his administrative remedies by omitting any factual narrative of race or color discrimination from his underlying EEOC Charge.

4. Whether amendment of proposed Counts V–VII (Section 504 Rehabilitation Act claims) is futile because Plaintiff fails to plead that any adverse employment action occurred *solely by reason of* his disability.

5. Whether Plaintiff's proposed 82-page, 155-paragraph Second Amended Complaint fails to cure, and instead drastically exacerbates, Plaintiff's violations of Fed. R. Civ. P. 8(a)(2).

# INDEX OF AUTHORITIES

***Cases***

*Ashford v. Univ. of Mich.*, 89 F.4th 960 (6th Cir. 2024)..........................................4

*Barnett-Morgan v. Inverness Technologies, Inc.*, No. 25-5669, 2026 WL 1651178 (6th Cir. June 8, 2026).................................................................v, 6

*Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) ....................................4

*Bray v. Palm Beach Co.*, 907 F.2d 150 (6th Cir. 1990)............................................6

*Campbell-Jackson v. State Farm Insurance*, No. 23-1834, 2024 WL 4903807 (6th Cir. Nov. 27, 2024).....................................................................................v, 6

*Dixon v. Ashcroft*, 392 F.3d 212 (6th Cir. 2004) ......................................................6

*Doe v. Salvation Army*, 685 F.3d 564 (6th Cir. 2012) .............................................7

*Ex parte Young*, 209 U.S. 123 (1908)............................................................ 1, 4, 5

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................................v, 3

*Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021) ............................................v, 8

*Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758 (6th Cir. 2005)..................3

*Parchman v. SLM Corp.*, 896 F.3d 728 (6th Cir. 2018) ...........................................3

*Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751 (6th Cir. 2025) ............................5

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) ................v, 3

*Samples v. Waynick*, No. 5:25-CV-157-CRS, 2025 WL 2714551, at *2 (W.D. Ky. Sept. 23, 2025) ....................8

*Taylor v. Univ. of Mich.*, No. 17-11473, 2018 WL 1322395, at *4 (E.D. Mich. Feb. 23, 2018) ....................4

*Warman v. Mount St. Joseph Univ.,* 144 F.4th 880 (6th Cir. 2025) ....................v, 7, 8

*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021) ....................4

*Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359 (6th Cir. 2010) ....................6

***<u>Statutes</u>***

42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.12(b) ....................6

Fed. R. Civ. P. 8(a)(2), 12(b)(1), 12(b)(6), and 15(a)(2) .................... *passim*

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 8(a)(2), 12(b)(1), 12(b)(6), and 15(a)(2)

*Foman v. Davis*, 371 U.S. 178 (1962)

*Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356 (2001)

*Warman v. Mount St. Joseph University*, 144 F.4th 880 (6th Cir. 2025)

*Barnett-Morgan v. Inverness Technologies, Inc.*, No. 25-5669, 2026 WL 1651178 (6th Cir. June 8, 2026)

*Campbell-Jackson v. State Farm Insurance*, No. 23-1834, 2024 WL 4903807 (6th Cir. Nov. 27, 2024)

*Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021)

*Rose v. Hartford Underwriters Insurance Co.*, 203 F.3d 417 (6th Cir. 2000)

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

*Pro Se* Plaintiff Keenan Wright was enrolled as a Ph.D. candidate and employed as a Graduate Student Research Assistant (GSRA) in the University's Chemistry Department from June 2019 until his graduation in May 2025. On December 1, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the EEOC issued a Determination and Notice of Rights on March 9, 2026, making no finding as to the merits and closing the file.

Plaintiff subsequently initiated this lawsuit. In response to Defendant's initial Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Plaintiff exercised his right to amend as of course pursuant to Fed. R. Civ. P. 15(a)(1) by filing his First Amended Complaint (FAC) on August 24, 2026 (ECF No. 12). The FAC added new legal theories, including Title VII race and color claims (Counts VIII and IX). On September 11, 2026, Defendant filed its Renewed Motion to Dismiss Pursuant to FRCP 12(b)(1), 12(b)(6), and FRCP 8 (ECF No. 15). Defendant's Renewed Motion demonstrated four primary legal defects requiring dismissal of the FAC:

1. **Eleventh Amendment Immunity**: Counts I–IV (ADA claims) are barred by sovereign immunity because Defendant Board of Regents is an arm of the State of Michigan and Plaintiff failed to name any individual state official to invoke the *Ex parte Young* doctrine.

2. **Statute of Limitations / Timeliness:** All discrete ADA and Title VII claims accruing prior to February 4, 2025 (300 days prior to Plaintiff's EEOC charge) are time-barred.

3. **Failure to Exhaust Administrative Remedies**: Counts VIII and IX (Title VII race/color discrimination and hostile environment) are unexhausted because Plaintiff's EEOC charge contained zero factual allegations or narrative connecting any employment action to race or color.

4. **Rehabilitation Act & Rule 8 Deficiencies**: Counts V–VII (Section 504 claims) failed to state a claim under Rule 12(b)(6) because Plaintiff left template placeholders and failed to plead that any action occurred *solely by reason of* disability. Furthermore, the FAC's voluminous, narrative structure violated Rule 8(a)(2).

On October 1, 2026, Plaintiff filed a Motion for Leave to File a Second Amended Complaint (ECF No. 21) attaching an 82-page proposed Second Amended Complaint (SAC) (ECF No. 21-1) along with 10 multi-page exhibits. On the same date, Plaintiff improperly attempted to re-file a "First Amended Complaint Unified" (ECF No. 20). Because Plaintiff has already amended once as of right and his proposed SAC fails to cure any of the threshold legal defects identified in Defendant's pending Motion to Dismiss, leave to amend should be DENIED as futile.

## LAW AND ARGUMENT

## I. LEGAL STANDARD UNDER FED. R. CIV. P. 15(a)(2)

Under Federal Rule of Civil Procedure 15(a)(2), after a party has amended its pleading once as a matter of course, it may amend further only with the opposing

party's written consent or the court's leave. While Rule 15(a)(2) instructs that courts should freely give leave “when justice so requires," leave is properly denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss" or a Rule 12(b)(1) motion challenging subject matter jurisdiction. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). Where a plaintiff is put on notice of legal deficiencies through a motion to dismiss and fails to cure those deficiencies in a proposed amended pleading, leave to amend must be denied.

## II. PLAINTIFF HAS ALREADY AMENDED ONCE AS OF RIGHT, AND THE PROPOSED SECOND AMENDED COMPLAINT FAILS TO CURE THE DEFECTS IDENTIFIED IN DEFENDANT'S MOTION TO DISMISS

Plaintiff asserts in his motion that leave should be granted because he is merely attempting to refine factual citations, remove template placeholders, correct statutory headings, and enhance readability. (ECF No. 21, PageID.196). However, a comparison between Plaintiff's First Amended Complaint (ECF No. 12) and

proposed Second Amended Complaint (ECF No. 21-1) demonstrates that Plaintiff's revisions are purely cosmetic or exacerbating, leaving every core legal and jurisdictional defect intact.

### A. Amendment of Counts I–IV (ADA Claims) Is Futile Because They Are Barred by Eleventh Amendment Sovereign Immunity

In its Renewed Motion to Dismiss, Defendant established that Plaintiff's ADA claims (Counts I–IV) are strictly barred by the Eleventh Amendment. The Board of Regents of the University of Michigan is an arm of the State of Michigan entitled to sovereign immunity in federal court. *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024). Congress did not validly abrogate state sovereign immunity for Title I ADA claims, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001), and the University has not consented to suit.

In his FAC, Plaintiff attempted to bypass immunity by adding boilerplate language that damages "may be barred" and seeking injunctive relief "in the alternative." (ECF No. 12-2, PageID.59-60). As Defendant explained, the *Ex parte Young*, 209 U.S. 123 (1908) exception for prospective injunctive relief applies only to state officials sued in their official capacities, and not to a state or its institutional instrumentalities. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *Taylor v. Univ. of Mich.*, No. 17-11473, 2018 WL 1322395, at *4 (E.D. Mich. Feb. 23, 2018).

Proposed Counts I–IV (ECF No. 21-1, PageID.205–209) remain identical ADA claims brought solely against "Regents of the University of Michigan". Plaintiff did not add any individual state official as a defendant. Because the proposed SAC fails to name an individual state officer in an official capacity, it fails to invoke *Ex parte Young* as a matter of law. Sovereign immunity continues to bar Counts I–IV in their entirety, rendering the proposed amendment futile.

### B. Amendment of Title VII and ADA Claims Is Futile Because Claims Accruing Prior to February 4, 2025 Are Time-Barred

In Michigan, an EEOC charge must be filed within 300 days of the alleged unlawful employment practice. *Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 766 (6th Cir. 2025). Plaintiff filed his EEOC charge on December 1, 2025. Thus, any discrete discriminatory or retaliatory acts occurring prior to February 4, 2025 are time-barred.

Proposed Counts I–IV and VIII–IX continue to rely heavily upon discrete employment actions occurring between 2019 and 2024 - such as lab assignments in 2021, an off-cycle evaluation in August 2023, probation in October 2023, and health insurance adjustments in 2024 (ECF No. 21-1, PageID.207, 215, 220–265). Because the proposed SAC fails to limit its claims to actionable discrete events occurring on or after February 4, 2025, these claims are time-barred and amendment is futile.

### C. Amendment of Counts VIII and IX (Title VII Race and Color Claims) Is Futile Because the Claims Are Unexhausted

To bring a Title VII action in federal court, a plaintiff must first exhaust administrative remedies by filing a sufficiently precise EEOC charge. 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.12(b); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361 (6th Cir. 2010). Under the Sixth Circuit's "expected scope of investigation test," judicial claims are limited to the scope of the EEOC investigation reasonably expected to grow out of the factual allegations in the charge. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). Checking a box on the charge form is not dispositive; the factual narrative in the body of the charge is the controlling determinant. *Bray v. Palm Beach Co.*, 907 F.2d 150 (6th Cir. 1990).

In *Barnett-Morgan v. Inverness Technologies, Inc.*, No. 25-5669, 2026 WL 1651178 (6th Cir. June 8, 2026), the Sixth Circuit affirmed dismissal of an uncharged retaliation claim because the charge narrative focused solely on race, omitting any facts to prompt a retaliation investigation. Similarly, in *Campbell-Jackson v. State Farm Insurance*, No. 23-1834, 2024 WL 4903807 (6th Cir. Nov. 27, 2024), the court dismissed a race-based termination claim where the EEOC charge checked the race box but omitted factual allegations linking the termination to race.

Here, Plaintiff's underlying EEOC Charge contained zero factual details regarding race or color discrimination. It described no racial slurs, identified no non-Black comparators, and offered no factual narrative connecting any action to race. Plaintiff cannot cure a failure of administrative exhaustion by drafting an 82-page Complaint. The universe of facts submitted to the EEOC in December 2025 was completely devoid of race-based factual allegations. Because an investigation into racial discrimination or a race-based hostile environment could not reasonably have grown out of Plaintiff's underlying EEOC charge, proposed Counts VIII and IX remain unexhausted and subject to immediate dismissal under Rule 12(b)(6).

### D. Amendment of Counts V–VII (Section 504 Rehabilitation Act Claims) Is Futile Because the SAC Fails to Plead the "Solely by Reason of" Causation Standard

To state a claim under Section 504 of the Rehabilitation Act (29 U.S.C. § 794), a plaintiff must plead and prove that he was excluded from participation in, denied the benefits of, or subjected to discrimination under a covered program *solely by reason of his disability*. 29 U.S.C. § 794(a); *Doe v. Salvation Army*, 685 F.3d 564, 567 (6th Cir. 2012); *Warman v. Mount St. Joseph Univ.,* 144 F.4th 880, 898 (6th Cir. 2025)

In Defendant's Motion to Dismiss, Defendant pointed out that Plaintiff's FAC omitted this statutory causation element and contained literal bracketed template placeholders. While Plaintiff removed the bracketed template text in proposed

Counts V–VII (ECF No. 21-1, PageID.209–214), he still fails to plead the requisite "solely by reason of" causation standard. In Count V, Paragraph 29, Plaintiff alleges that the circumstances support an inference of discrimination because "weeks after disclosure and an accommodation request adverse actions followed" (ECF No. 21-1, PageID.211). Pleading mere temporal proximity or mixed motives fails to satisfy the rigorous "sole causation" mandate of Section 504. *Warman*, 144 F.4th at 899. Additionally, throughout his proposed SAC, Plaintiff explicitly attributes the University's actions to multiple alternative motivators, including race and color discrimination (Counts VIII & IX), retaliation (Count IV), and interpersonal disputes with faculty and staff. Under Sixth Circuit precedent, alleging non-disability motivators defeats a Section 504 claim as a matter of law because disability could not have been the *sole* reason for the employer's actions. *Warman*, 144 F.4th at 899.

Finally, Rule 8 proscribes obfuscation, verbosity, and extraneous narrative that forces defendants to "fish a gold coin from a bucket of mud." *Kensu v. Corizon, Inc.*, 5 F.4th 646, 651 (6th Cir. 2021); *Samples v. Waynick*, No. 5:25-CV-157-CRS, 2025 WL 2714551, at *2 (W.D. Ky. Sept. 23, 2025) (dismissing 147-page verbose filing under Rule 8). Defendant moved to dismiss the FAC because its 245 factual paragraphs and 55 claim paragraphs violated Rule 8. In response, Plaintiff did not streamline his pleading. Instead, he filed an overwhelming 82-page Second Amended Complaint containing 155 narrative paragraphs, dozens of sub-

paragraphs, evidentiary arguments, and 10 attached exhibits spanning over 100 additional pages (ECF No. 21-1 to 21-8). Rather than curing the Rule 8 violation, Plaintiff's proposed SAC dramatically worsens it, placing an unacceptable burden on Defendant and the Court.

**RELIEF REQUESTED**

WHEREFORE, Defendant Board of Regents of the University of Michigan respectfully requests that this Honorable Court:

1. DENY Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 21) as futile;

2. STRIKE Plaintiff's improperly re-filed "First Amended Complaint Unified" (ECF No. 20); and

3. Proceed to adjudicate Defendant's pending Renewed Motion to Dismiss (ECF No. 15) and dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

THE UNIVERSITY OF MICHIGAN
Office of the VP & General Counsel

By: */s/ Thomas L. Kent*
Thomas L. Kent (P55863)
1109 Geddes Avenue
Ruthven Building, Suite 2300
Ann Arbor, MI 48109-1079
tomkent@umich.edu
*Attorneys for Defendant*

Date: October 9, 2026

**CERTIFICATE OF SERVICE**

State of Michigan )
) ss
County of Washtenaw )

I hereby certify that on October 9, 2026, I electronically filed *Defendant's Board of Regents of the University of Michigan's Brief in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint* with the Clerk of the Court using the ECF filing system.

*/s/ Jennifer L. Traver*
Jennifer L. Traver